UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB JR.,

Plaintiff,

v.                                          CAUSE NO. 3:20-CV-836-JD-MGG

MAJOR POWELL, et al.,

Defendants.

OPINION AND ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Cobb alleges that, in July 2019, he underwent a leg amputation procedure. On August 8, 2019, he encountered Major Powell on the way back to his cell after a meeting with his attorney. Though Cobb explained that he recently underwent surgery and was confined to a wheelchair because he could not walk, Major Powell

ordered Lieutenant Snow to handcuff him and to "drag him" into his cell. Lieutenant Snow dragged Cobb into his cell and slammed the surgical wound into metal on the doorframe, which punctured the skin and resulted in an infection. About fifteen minutes later, Lieutenant Snow returned and handcuffed him while he searched the cell. When Cobb complained of hand numbness, Lieutenant Snow told him to "deal with it," but another correctional officer loosened the handcuffs.

Cobb asserts an Eighth Amendment claim against Major Powell and Lieutenant Snow for dragging him into his cell and reinjuring his surgical wound. To establish a medical claim under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The complaint suggests that the defendants acted with deliberate indifference to Cobb's surgical wound by dragging him into his cell. Therefore, Cobb may proceed on an Eighth Amendment claim against the defendants based on these allegations. However, Cobb may not proceed against the defendants for the temporary hand numbness caused by the handcuffs. The allegations suggest only a de minimis injury, and that, though Lieutenant Snow may have acted improperly by declining Cobb's request for assistance, another correctional officer responded by loosening the handcuffs.

Mr. Cobb also asserts that the defendants retaliated against him in violation of the First Amendment. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he

suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Mr. Cobb does not identify any First Amendment activity that could have served as the basis of the defendants' retaliatory motive. Therefore, the complaint does not state a plausible claim of First Amendment retaliation.

For these reasons, the court:

(1) GRANTS Malcom D. Cobb, Jr., leave to proceed on an Eighth Amendment claim for money damages against Major Powell and Lieutenant Snow for acting with deliberate indifference to a serious medical need by dragging him into a cell during his recovery from a surgical procedure;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Major Powell and Lieutenant Snow at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Major Powell and Lieutenant Snow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Malcom D. Cobb, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on January 11, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT